**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PENNY QUINTEROS, AKA TwoCents, | No. 24-6332 |
| Plaintiff - Appellant, | D.C. No. 2:19-cv-01402-RSM |
| v. | MEMORANDUM* |
| INNOGAMES; HENDRIK KLINDWORTH; MICHAEL ZILLMER; JULIE BLAN, also known as Jill; RICHARD STEPHENSON, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted March 31, 2026**
San Francisco, California

Before: NGUYEN, MILLER, and COLLINS, Circuit Judges.

Penny Quinteros appeals the district court's dismissal of her third amended

complaint asserting various claims based on harassment Quinteros says she

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

suffered while playing defendants' online video game, *Forge of Empires*. After the district court dismissed her first amended complaint with prejudice, we affirmed the dismissal but held that the district court abused its discretion in denying leave to amend, and we remanded to allow amendment. *Quinteros v. Innogames*, No. 22-35333, 2024 WL 132241 (9th Cir. Jan. 8, 2024). On remand, Quinteros filed a second and then a third amended complaint, which is the operative pleading here. The district court dismissed without further leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a grant of a motion to dismiss for failure to state a claim. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We review for abuse of discretion a district court's decision to dismiss without leave to amend, but we review de novo whether amendment would be futile. *In re Cloudera, Inc.*, 121 F.4th 1180, 1190 (9th Cir. 2024).

1. Quinteros brings claims based on several negligence theories, but none are adequately pleaded. The district court concluded that "[d]espite the amendments, Plaintiff's negligence claims remain speculative and vague." We agree.

Quinteros's negligence per se claim, resting on various Washington, federal, and foreign statutes, alleges that an InnoGames employee was able to "access . . . information" about Quinteros, including a photograph, and "release it to third-party players." This claim necessarily relies on a vicarious-liability theory because an unknown third-party moderator, rather than any defendant, engaged in the allegedly wrongful conduct of accessing and distributing the photograph of Quinteros. The vicarious-liability theory fails, however, because Quinteros does not allege that the moderator was "acting on [InnoGames's] behalf." *Niece v. Elmview Grp. Home*, 929 P.2d 420, 426 (Wash. 1997). Under Washington law, if an employee "steps aside from the employer's purposes in order to pursue a personal objective of the employee," as Quinteros alleges the moderator did here, then "the employer is not vicariously liable." *Id.* The same result follows if the moderator was InnoGames's agent rather than its employee. *See Deep Water Brewing, LLC v. Fairway Res. Ltd.*, 215 P.3d 990, 1011 (Wash. Ct. App. 2009).

Quinteros's negligent-supervision claim also fails. Although an employer has a duty to "prevent the tasks, premises, or instrumentalities entrusted to an employee from endangering others," it is "not liable for negligent supervision of an employee unless the employer knew, or in the exercise of reasonable care should have known, that the employee presented a risk of danger to others." *Niece*, 929 P.2d at 426. A plaintiff must therefore "show that the employer knew or should

24-6332

have known of the dangerous tendencies of a particular employee." *Anderson v. Soap Lake Sch. Dist.*, 423 P.3d 197, 210 (Wash. 2018). Because the moderator who allegedly wronged Quinteros was unknown to InnoGames, Quinteros does not plausibly allege that InnoGames knew or should have known of any "dangerous tendencies" of that particular moderator.

Quinteros's failure-to-protect claim fails for similar reasons. A business's duty to its invitees is limited to protecting them from "reasonably foreseeable" conduct by third parties. *Nivens v. 7-11 Hoagy's Corner*, 943 P.2d 286, 293 (Wash. 1997). Even assuming that InnoGames knew that in-game moderators would be given support tickets (a form of customer-service complaint) with links to photos, Quinteros does not plausibly allege that defendants knew, or had reason to know, that moderators would then distribute the photos to other players, leading to the alleged harassment of Quinteros. Quinteros's mention of another plaintiff in a different lawsuit against InnoGames raising different issues does not suggest that defendants should have been on notice of the potential for Quinteros suffering the type of harm that she alleges she did in the way that she did.

Finally, the statements by defendants Julie Blan and Richard Stephenson to Quinteros "that they would enforce the rules equally against all players in order to prevent [her] harassment," did not create an affirmative duty to rescue Quinteros from other players' conduct. Without more, these statements by defendants at most

reiterated game policy and expressed an intent to investigate. They do not plausibly amount to the voluntary undertaking of a special duty to "aid an individual in need." *Folsom v. Burger King*, 958 P.2d 301, 311 (Wash. 1998).

2. The district court correctly determined that Quinteros has not stated a defamation claim. Quinteros alleges that a moderator disclosed an "intimate image" she had sent to another player "for the express purpose of creating sexually explicit and harassing comments against Plaintiff" and also "directly" made harassing statements. Even if dissemination of an altered image may support a defamation claim, *see Seaquist v. Caldier*, 438 P.3d 606, 614 (Wash. Ct. App. 2019), Quinteros does not allege that the "intimate image" was altered. Any statement made through its disclosure thus could not have been false. Nor can any negative implication the image conveyed support Quinteros's claim, because "a plaintiff may not base a defamation claim on the negative implication of true statements." *Yeakey v. Hearst Commc'ns, Inc.*, 234 P.3d 332, 335 (Wash. Ct. App. 2010).

Quinteros further alleges that the disclosure of the image prompted harassing and defamatory statements, but as the district court recognized, she pleaded no facts about who made the statements or when, where, or to whom they were made. *See M.G. v. Bainbridge Island Sch. Dist. #303*, 566 P.3d 132, 147 (Wash. Ct. App. 2025). As for the statements allegedly made by Blan and Stephenson that

5                                                                          24-6332

Quinteros was "crazy" or "a liar," those were not actionable because their audience and context suggest that they were "expressions of personal opinion," and they did not imply undisclosed facts. *Robel v. Roundup Corp.*, 59 P.3d 611, 622 (Wash. 2002).

3. In the earlier appeal, we affirmed the dismissal of Quinteros's claims for gender discrimination in public accommodations, negligent and intentional infliction of emotional distress, fraud, product liability, breach of contract, copyright infringement, and violations of the Washington Consumer Protection Act. *Quinteros*, 2024 WL 132241, at *2–3. We agree with the district court that the third amended complaint did not meaningfully add to the allegations that we previously determined were insufficient to state a claim.

4. Quinteros attempted to assert three new claims in her third amended complaint, but our previous order remanded only so that she could add "additional facts to cure the various deficiencies" in the claims she had already pleaded. *Quinteros*, 2024 WL 132241, at *4. It did not grant leave to add new claims. The district court therefore correctly determined that the addition of the new claims exceeded the scope of the remand. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).

5. The district court did not err in considering documents that were incorporated by reference in the complaint, namely the photograph, the *Forge of*

*Empire* game rules, and the Terms and Conditions. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Quinteros argues that the court erroneously relied on the international, rather than the American, version of the Terms and Conditions, but she does not explain how those versions differ or why the difference matters.

6. Quinteros received several opportunities to amend but still has not cured the deficiencies in her complaint. "The district court evidently saw no reason to believe that [she] would do better with another try, and neither do we." *In re Cloudera*, 121 F.4th at 1190. The district court did not abuse its discretion when it denied leave to amend.

7. The motion to seal or proceed under a pseudonym (Dkt. No. 22) is denied. Normally, "[t]he title of the complaint must name all parties," Fed. R. Civ. P. 10(a), and a party may use a pseudonym only "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule, or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (ellipsis in original) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). This case has been proceeding publicly since 2019, and Quinteros has identified no additional threat to her privacy if it remains unsealed and she remains named.

**AFFIRMED.**